

It is suggested that these matters inflamed the minds of the jury. True it is that there was blood on the garments. There is usually such where blood has been spilled, but where such garments can serve to illustrate what happened at the time of the commission of the offense, the fact of the presence of blood thereon does not preclude their introduction. Branch's Ann. Tex.P.C., p. 1031, sec. 1855.

The physician testified that the deceased's jaw was broken before her death; that she had been raped and her hymen ruptured. The sheriff testified that the deceased's pants were torn in the crotch, that her pocketbook, a wrap, a pencil, her hand case, and other belongings were ·found along the road, and evidence of something having been dragged from where the first blood· was shown to where the body was found.

That appellant committed this offense is shown by all the evidence. The trial court submitted to the jury the appellant's defense of an accidental killing, and the jury saw fit to disbelieve that portion of the testimony· and award the penalty of death to this negro man for killing this negro girl.

We see no error shown in this trial, and the judgment is therefore affirmed.

No appearance for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

Appellant was convicted on a charge of possessing whisky for the purpose of sale in a dry area and assessed a fine of $100.

The record is before us without a statement of facts or bills of exception. Nothing is presented to this court for review.

The judgment of the trial court is accordingly affirmed.

PER CURIAM.

The foregoing . opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.